IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WARREN SMALL, | : |
|     Plaintiff, | : |
| v. | : Civ. No. 16-870-RGA |
| SGT. FREDERICK, et al., | : |
|     Defendants. | : |

**MEMORANDUM ORDER**

At Wilmington, this 6 day of October 2017, having considered Plaintiff's requests for counsel (D.I. 14, 20) and motion for voluntary dismissal (D.I. 20);

IT IS THEREFORE ORDERED that Plaintiff's: (1) requests for counsel are **denied** (D.I. 14, 20); (2) motion for voluntary dismissal is **granted** (D.I. 20); and (3) the Clerk of Court is directed to **close** the case, for the following reasons:

Plaintiff Warren Small, an inmate at the Plummer Community Corrections Center in Wilmington, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983. (D.I. 2). He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 5).

Plaintiff seeks counsel on the grounds that he does not have the ability to present his own case, he is unskilled in the law and the issues are complex, the case may turn on credibility determination, expert witnesses will be necessary, he cannot attain and afford counsel on his own behalf, and appointment of counsel would serve "the best interest of justice." (D.I. 14, 20). Plaintiff states that "if the court cannot appoint me

counsel my case should be voluntarily dimiss[ed]." (D.I. 20 at ¶ 7). Defendants do not oppose ʋ dismissal of the case. (D.I. 23).

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[1] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

---

[1] *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

2

Assuming, solely for the purpose of deciding this motion, that Plaintiff's claims have merit in fact and law, several of the *Tabron* factors militate against granting his request for counsel. After reviewing Plaintiff's complaint, the Court concludes that the case is not so factually or legally complex that requesting an attorney is warranted. In addition, Plaintiff has ably represented himself. Therefore, the Court will deny Plaintiff's request for counsel.

Because Plaintiff indicates that he does not wish to proceed if his requests for counsel are not granted, the court construes his request for dismissal of the case as a motion for voluntary dismissal pursuant to Fed. R. Civ. P. 41. The Court will grant the motion to voluntarily dismiss.

                                           *[signature]*
                                       UNITED STATES DISTRICT JUDGE